R. M. KELLY v. GEO. S. BROADUS.

[Abstract Kentucky Law Reporter, Vol. 6—594.]

**Parties to Suit to Subject Land.**

One who has purchased land and is in the actual possession of it is not bound by a judgment against others to subject such land to sale to pay a debt claimed to be due them. The owner of the land in such a case to be bound by such a judgment must have been made a party to the suit.

APPEAL FROM ESTILL CIRCUIT COURT.

February 5, 1885.

OPINION BY JUDGE LEWIS:

Appellee Broadus brought this action March 21, 1879, to recover the amount of a note given to him July 14, 1876, by appellant Kelly, and to subject a tract of land to the satisfaction of the debt. W. T. Tyree being also a party plaintiff. It appers that previous to the date of the note Tyree, the father-in-law of the appellee, had sold the land to Martin, the consideration for which is not shown, and that by agreement of the parties appellant who purchased the land of Martin executed the note sued on to appellee in lieu of the óne Tyree held on Martin for $500, and that Martin assigned to the appellant the title bond executed by Tyree.

At the March term, 1880, of court judgment was rendered for the amount of the note and for a sale of the land to pay it, appellant making no defense.

The land was sold in pursuance of the judgment November 15, 1880, for $391.68, and the sale reported to court April, 1881, but the report was not acted on until the October term, 1883, when a judgment was rendered confirming the report, directing a deed made to appellee who had become the purchaser and for a writ of possession. From that judgment this appeal is prosecuted.

It appears that in March, 1877, one McKinney brought an action in the same court against Tyree to recover the amount of a note he held against him, and in his petition he alleges that Martin who was made a defendant to the action was indebted to Tyree in the sum of $500, the purchase price of the land mentioned, which he prayed might be subjected to pay his debt. And at the October term, 1879, of the court judgment was rendered in that action for the amount of the plaintiff's debt, and also for the sale of the land to satisfy it. And in pursuance of that judgment the land was sold November 17, 1879, and at the March term, 1880, the sale was confirmed and a writ of possession awarded to McKinney, who was the purchaser. Appellant Kelly was not made a party to the action of McKinney v. Tyree and Martin, although he had, before that action was brought, purchased the land from Martin, given his note to Broadus in lieu of the one Tyree held on Martin

and was then in the actual possession of the land under his purchase. Under the writ awarded in favor of McKinney appellant was in January, 1881, dispossessed and soon thereafter brought his action to recover possession from McKinney.

This case presents some singular features. When appellee Broadus commenced his action in 1879 against appellant Kelly to enforce his lien for the payment of the note for $500 the action of McKinney against Tyree and Martin had been pending some time. And when in March, 1880, appellee recovered his judgment against appellant for the note for $500 and the sale of the land, it had already been sold to satisfy McKinney's debt. And between November 15, 1880, when the land was sold to satisfy the appellee's debt, and the April term, 1881, when the sale was confirmed, the writ in favor of McKinney was executed and appellant turned out of possession.

If there was no other reason, the fact that at the time the sale took place in November, 1880, the land had already been sold under McKinney's judgment and the sale confirmed is a sufficient reason why the sale under Broadus' judgment should have been set aside instead of being confirmed at the October term, 1883, the price at which it was sold being greatly less than appellant had agreed to give for it.

The action by appellant against McKinney to recover the land of which he had been dispossessed under the writ in favor of McKinney was not disposed of when the judgment appealed from was rendered, and at the same term that judgment was rendered McKinney tendered an amended answer in which he alleged that appellee Broadus had sold to him, McKinney, the judgment he, Broadus, held against appellant and the title which he acquired by his purchase under the judgment.

As this record stands the case is thus presented. Appellee Broadus seeks to recover on a note given to him for land. Tyree, the vendor, unites with him as plaintiff averring his ability to make a good title. At that same term of court Tyree permits a judgment to go by default against him for the sale of the same land to satisfy McKinney's debt against him. At the time the sale was made to satisfy Broadus' lien appellant was out of possession and at law with McKinney to recover the possession that Tyree in bad faith permitted him to be deprived of, and in the end McKinney

16

is reinforced by Broadus to keep him out of the possession he was illegally deprived of.

Under these circumstances the sale under appellee's judgment should have been set aside and a resale ordered to take place when appellants recover possession of McKinney.

Judgment *reversed* and cause remanded for further proceedings consistent with this opinion.

*J. B. White, H. W. Gardner, for appellants.* ·

*H. C. Lilly & Sons, for appellee.*